HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MMMT Holdings Corporation, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>NSGI Holdings, Inc., a Delaware corporation,<br><br>Defendant. | No. 2:12-cv-01570 RSL<br><br>**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER [DKT. NO. 116]**<br><br>NOTE ON MOTION CALENDAR: MAY 9, 2014<br><br>**ORAL ARGUMENT REQUESTED** |

## I. INTRODUCTION

Plaintiff has worked diligently to conduct discovery and to uncover the facts that form the basis for the new claims asserted in the proposed Third Amended Complaint. Plaintiff has navigated a logistically difficult discovery process, which involved NSGI's failure to produce any meaningful amount of discovery until October 22, 2013, and only then after being ordered by the Court to do so. Plaintiff then confronted significant time and language barriers related to the review and analysis of the Japanese documents that NSGI finally produced. Contrary to NSGI's claim, Plaintiff could not seek leave to amend its Complaint prior to learning of its basis to do so. Once that basis became clear, Plaintiff took all reasonable steps to promptly file this Motion and its Motion to Amend. Neither NSGI, nor the proposed additional defendants, would

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER [DKT. NO. 116] (No. 2:12-cv-01570 RSL) – 1

87326-0001/LEGAL120872391.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

be prejudiced by the amendment. Good cause therefore exists to modify the scheduling order, and the Court should grant Plaintiff's request to do so.[1]

## II. ARGUMENT

### A. Plaintiff has Diligently Pursued Discovery and Timely Sought Leave to File its Third Amended Complaint

NSGI claims Plaintiff "already" knew about EYTAS and other key facts underpinning Plaintiff's motions; NSGI is simply wrong. Plaintiff did not, and could not, know that Nisshin secretly obtained a prior appraisal from the same appraiser it sought to appoint to conduct the valuation contemplated by the PIMIPA, and Plaintiff did not, and could not, know that Nisshin had struck a deal with that appraiser to allow Nisshin to influence that supposedly independent appraisal prior to it being finalized. Plaintiff could not know those facts because NSGI intentionally concealed them from Plaintiff, saying it was "none of their business." (Sugata Dep. attached as Ex. U to the Declaration of William Z. Pentelovitch (Dkt. #113-21, pg. 3 of 5).) The facts underpinning the proposed plaintiffs' new claims are premised on those newly uncovered facts, which were revealed in the newly translated documents and recent deposition testimony. While Plaintiff may have known of EYTAS's *existence*, such knowledge was irrelevant to *fraud* claims until it learned of the fraud involving nondisclosure of the desktop appraisals done by EYTAS and Ernst & Young LLP (EYUS). It was not until completion of NSGI's document production, translation of those documents, and testimony obtained in depositions in March and

---

[1] Plaintiff's Motion to Modify the Scheduling Order presents something of a procedural "chicken and egg" problem. First, Plaintiff needs to have the Scheduling Order modified to allow it to present its Motion for Leave to File Third Amended Complaint and to allow Plaintiff to use the testimony obtained via the Letter Rogatory process. If the Court grants Plaintiff's Motion to File Third Amended Complaint, the remainder of the Scheduling Order modification is necessary to allow the new defendants to answer and accommodate any motion practice and discovery to follow. On the other hand, if the Court modifies the Scheduling Order to permit Plaintiff to bring its motion to amend the pleadings, but then denies Plaintiff's Motion for Leave to File Third Amended Complaint, the remainder of the changes proposed in the Motion to Modify Scheduling Order (other than those permitting testimony obtained to the Letters Rogatory) would become moot. Thus, from a purely procedural point of view, Plaintiff is not entitled to have its motion to amend the pleadings heard until the Scheduling Order is first modified, but won't need all of the modifications requested if the motion to amend the pleadings is denied.

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER
[DKT. NO. 116] (No. 2:12-cv-01570 RSL) – 2

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

87326-0001/LEGAL120872391.1

April 2014, that Plaintiff had sufficient evidence of fraud to be able to seek to amend its Complaint consistent with Rule 11.

NSGI points to Plaintiff's attempts to obtain discovery from EYTAS as an example of Plaintiff's lack of diligence. (See Dkt. #122 (Br. in Opp'n) at pps. 7-8 of 14.) Here again, NSGI fails to acknowledge the logistical difficulties presented in this case, and Plaintiff's diligent navigation of those barriers. Given the cumbersome and restricted nature of the Letter Rogatory process —burdensome both for the parties and the Court—it would be undesirable to jump into that process without first exhausting more efficient ways of obtaining the requested information, i.e., by obtaining the voluntary cooperation of a party with whom NSGI has a significant relationship. Indeed, NSGI has attempted to claim privilege as to documents exchanged with EYTAS (and EYUS). Yet here, NSGI turns around and suggests it was somehow inappropriate for Plaintiff to request NSGI's assistance (and the assistance of EYUS) in attempting to obtain EYTAS's cooperation in discovery without resorting to a cumbersome international judicial process. (Id.) Plaintiff should not be penalized because NSGI was unable (or unwilling) to obtain EYTAS's cooperation to appear voluntarily.

With respect to the Letter Rogatory process itself, the "delays" NSGI points to were neither extraordinary nor unexplainable. Indeed, as the Court is aware, all of the documents included with the Letter Rogatory, including the twenty pages of questions for the EYTAS witnesses and the ten exhibits attached to the questions (many of which were quite technical and voluminous), all needed to be officially translated to Japanese prior to Plaintiff submitting the Letter Rogatory to the Court. That process alone was extremely time consuming and costly, and was taking place while Plaintiff was in the process of negotiating various issues related to the Letter Rogatory with NSGI's counsel.[2] As soon as all of the documents were translated, Plaintiff filed the request for the Letter Rogatory with the Court. (Dkt. #108.) As this Court well knows,

---

[2] For the Letter Rogatory alone, Plaintiff had 45,117 words translated (or approximately ten documents) for a cost of $12,358.76, which includes additional costs for rush fees so Plaintiff could timely file the submission with the Court. (See invoices attached as Ex. A to the Declaration of Anna Petosky filed herewith.)

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER
[DKT. NO. 116] (No. 2:12-cv-01570 RSL) – 3

87326-0001/LEGAL120872391.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

Plaintiff has no control over when the Japanese Court will choose to ask the questions requested pursuant to the Letter Rogatory.[3]

### B. Modification of the Case Schedule Would Not Prejudice NSGI or Nisshin.

Rather than frankly acknowledge the logistical difficulties in this case and its role in delaying the document production, NSGI instead argues that the Court should prefer expediency over the resolution of Plaintiff's claims on the merits. NSGI's suggestion that the supposed "prejudice" to NSGI plays any significant role in resolving this motion is clearly contradicted by the Federal Rule and the case law of this circuit. Fed. R. Civ. P. 16(b)(4); *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). To the extent that NSGI and Nisshin might need to undertake additional discovery efforts, that is the result of their own doing, because if it weren't for NSGI's fraud, the new claims and parties would have come to light sooner. In any event, any claims of prejudice should be considered in the context of Rule 15(a), not here. *See Johnson*, 975 F.2d at 608. Indeed, notably absent from NSGI's obfuscating response is any discussion of the fact that NSGI has delayed discovery through its own fraud and litigation delays, and NSGI's bald attempts to claim prejudice should be rejected out of hand.

### III.   CONCLUSION

Plaintiff has shown good cause to modify the scheduling order because, despite Plaintiff's diligent efforts, the pretrial schedule cannot now be met. Accordingly, this Court should allow modification of the scheduling order to allow Plaintiff to file its Third Amended Complaint and should adjust the trial date and corresponding deadlines accordingly. Alternatively, if this Court does not grant leave to file the Third Amended Complaint, this request becomes moot as to everything but allowing sufficient time for the Letter Rogatory process to run its course.

---

[3] Plaintiff recently inquired of the U.S. State Department to determine where in the process the Letter Rogatory had progressed. It was told that the Letter Rogatory has been forwarded to the appropriate Japanese authorities in the United States. The Letter Rogatory now must be forwarded by those Japanese authorities to the Japanese foreign ministry, and from there to the court in Tokyo. As before, Plaintiff does not know how long that process will take to play out, and Plaintiff has no control over it.

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER
[DKT. NO. 116]** (No. 2:12-cv-01570 RSL) – 4

87326-0001/LEGAL120872391.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: May 8, 2014

By: s/William B. Stafford
By: s/Kevin J. Hamilton
Kevin J. Hamilton (#15648)
William B. Stafford (#39849)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone: 206-359-8000
Facsimile: 206-359-9000
E-mail: khamilton@perkinscoie.com
wstafford@perkinscoie.com

**Attorneys for Plaintiff
MMMT Holdings Corporation**

By: s/William Z. Pentelovitch
By: s/Nicole Narotzky
William Z. Pentelovitch (MN #85078)
Nicole Narotzky (MN #0329885)
Anna Petosky (MN #0388163)
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone: 612-672-8200
Facsimile: 612-672-8397
Email: bill.pentelovitch@maslon.com
nicole.narotzky@maslon.com
anna.petosky@maslon.com

**Attorneys for Plaintiff
MMMT Holdings Corporation**

#1037569

PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER
[DKT. NO. 116] (No. 2:12-cv-01570 RSL) – 5

87326-0001/LEGAL120872391.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MMMT Holdings Corporation, a Minnesota corporation,<br><br>Plaintiff,<br><br>v.<br><br>NSGI Holdings, Inc., a Delaware corporation,<br><br>Defendant. | No. 2:12-cv-01570 RSL<br><br>**CERTIFICATE OF SERVICE** |

I hereby certify that on May 8, 2014 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Benjamin J. Byer | benbyer@dwt.com |
| Jonathan M. Lloyd | jonathanlloyd@dwt.com |
| Robert J. Maguire | robmaguire@dwt.com |
| Douglas C. Ross | douglasross@dwt.com |

and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

| | |
|---|---|
| N/A | |

**CERTIFICATE OF SERVICE**
(No. 2:12-cv-01570 RSL) – 1

87326-0001/LEGAL120872391.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000

DATED: May 8, 2014

Kevin J. Hamilton (#15648)
William B. Stafford (#39849)
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Telephone:   206-359-8000
Facsimile:   206-359-9000
Email:       khamilton@perkinscoie.com
             wstafford@perkinscoie.com

**Attorneys for Plaintiff
MMMT Holdings Corporation**

By:   s/William Z. Pentelovitch
      William Z. Pentelovitch (MN #85078)
      Nicole Narotzky (MN #0329885)
      Anna Petosky (MN #0388163)
Maslon Edelman Borman & Brand, LLP
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4140
Telephone:   612-672-8200
Facsimile:   612-672-8397
Email:       bill.pentelovitch@maslon.com
             nicole.narotzky@maslon.com
             anna.petosky@maslon.com

**Attorneys for Plaintiff
MMMT Holdings Corporation**

#1037569

**CERTIFICATE OF SERVICE**
(No. 2:12-cv-01570 RSL) – 2

87326-0001/LEGAL120872391.1

Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101-3099
Phone: 206.359.8000
Fax: 206.359.9000