1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                          )
MMMT HOLDINGS CORPORATION,        )
                                                          )       Case No. C12-01570RSL
                              Plaintiff,                  )
                                                          )
           v.                                            )
                                                          )       ORDER DENYING PLAINTIFF'S
NSGI HOLDINGS, INC.,                          )       MOTION TO FILE THIRD
                              Defendant.              )       AMENDED COMPLAINT
                                                          )       AND MOTION TO MODIFY
_____)       SCHEDULING ORDER

        This matter comes before the Court on "Plaintiff's Motion to File Third Amended

Complaint" (Dkt. # 112) ("Motion to Amend") and "Plaintiff's Motion to Modify Scheduling

Order" (Dkt. # 116) ("Motion to Modify"). Defendant opposes both motions on the grounds that

plaintiff has failed to demonstrate good cause under Fed. R. Civ. P. 16 and that justice does not

require amendment under Fed. R. Civ. P. 15. Having reviewed the memoranda and exhibits

submitted by the parties,[1] the Court finds as follows:

**BACKGROUND**

        This lawsuit arises from plaintiff's sale of two flour mills to defendant for a fixed

purchase price plus an additional amount referred to as the "Gross-up Amount" pursuant to the

terms of a Partnership Interest and Membership Interest Purchase Agreement ("PIMIPA"). Dkt.

_____

        [1] These matters can be decided on the papers submitted. Plaintiff's requests for oral arguments
are therefore DENIED.

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
AND MOTION TO MODIFY SCHEDULING ORDER

1  # 26, Ex. A. The major point of contention between the parties is whether defendant fulfilled its

2  obligations to obtain and deliver an appraisal as required by the PIMIPA to determine the Gross-

3  Up Amount.

4       Plaintiff amended its original complaint as a matter of course pursuant to Fed. R. Civ. P.

5  15(a)(1). Defendant filed a motion to dismiss the amended complaint, which the Court granted in

6  part and denied in part. Dkt. # 48. The Court upheld plaintiff's breach of implied covenant claim

7  and dismissed plaintiff's breach of contract claims because plaintiff failed to plead the claims

8  with sufficient clarity and specificity. The Court invited plaintiff to move for leave to file an

9  amended complaint if plaintiff felt it could cure the deficiencies. Id. at 6-7.

10       Plaintiff then sought leave to amend its complaint under Rule 15(a)(2) with six additional

11  counts.[2] Dkt. # 51. The Court granted plaintiff's motion to file a second amended complaint

12  including all six of the proposed claims. Dkt. # 82. In so doing, the Court analyzed the five

13  factors courts consider when deciding whether to permit amendment under Rule 15 and

14  concluded that plaintiff's claims were not futile and that this early amendment at the Court's

15  invitation did not constitute bad faith, undue delay, or prejudice to defendant (particularly where

16  discovery had been stayed for a period of time).

17       Eight months later, plaintiff again seeks to amend its complaint and add additional parties.

18  The deadline for amending pleadings expired over nine months before plaintiff filed this motion

19  and the deadline to join parties passed fifteen months prior to plaintiff's motion. At this time,

20  discovery has closed. Plaintiff seeks to add four additional parties and five new claims to this

21

22

23     [2] Counts One, Two, Three and Five each alleged a breach of the PIMIPA based on an element of Section 1.3(a) of the agreement and the definition of "Qualified Appraiser." Count Four set forth a new

24  claim for a declaration that the appraisal obtained and delivered by defendant is not binding on the parties. Count Five specifically alleged that defendant was obligated and failed to obtain an appraisal

25  prepared in accordance with the Uniform Standards of Professional Appraisal Practice ("USPAP"). In Count Six, plaintiff reasserted its breach of implied covenant claim.

26

lawsuit. The proposed additional parties include two new plaintiffs[3] who were selling

shareholders and two new defendants[4] who are defendant NSGI's Japanese parent companies.

The proposed amended complaint states five new claims consisting of federal securities fraud,

common-law fraud, beach of contract, breach of the implied covenant of good faith and fair

dealing, and punitive damages. Many of the claims are based on facts revealed in discovery.

Plaintiff alleges that the "new" facts show that the proposed defendants obtained an earlier

valuation from the entity appointed as Qualified Appraiser and defendants subsequently

pressured that entity to reduce the valuation before submitting the appraisal to plaintiff.

**DISCUSSION**

**A. Legal Standard**

Federal Rules of Civil Procedure 15 and 16 govern amendments to pleadings. Although

Rule 15(a) is based upon "a strong policy in favor of allowing amendment," <u>Kaplan v. Rose</u>, 49

F.3d 1363, 1370 (9th Cir. 1994), Rule 15(a) does not control after a court has entered a pretrial

scheduling order and the deadline for amendments of pleadings has passed. <u>Precor Inc. v. Fitness</u>

<u>Quest, Inc.</u>, No. C05-0993L, 2007 WL 136749 at *1 (Jan. 12, 2007). When a party seeks to

amend a pleading after the date set forth in the scheduling order, that party "must first show

good cause for amendment under Rule 16, then, if good cause be shown, the party must

demonstrate that amendment was proper under Rule 15." <u>Paz v. City of Aberdeen</u>, 2013 WL

6163016 at *2 (W.D. Wash. Nov. 25, 2013) (citing <u>Johnson v. Mammoth Recreation, Inc.</u>, 975

F.2d 604, 608 (9th Cir. 1992)).

Rule 16 requires "good cause" and "the judge's consent" in order to modify a scheduling

order and allow amended pleadings after the deadline. The "good cause" standard focuses on the

---

[3] John C. Miller and Michael L. Snow, individually and as Seller Representatives on behalf of the Selling Shareholders who were parties to the PIMIPA.

[4] Nisshin Seifun Group Inc. and Nisshin Flour Milling Inc., collectively referred to as "Nisshin."

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
AND MOTION TO MODIFY SCHEDULING ORDER        -3-

1  diligence of the party requesting the amendment. <u>Johnson</u>, 975 F.2d at 609. If a party has acted

2  diligently yet still cannot reasonably meet the scheduling deadlines, the court may allow

3  modification of the pretrial schedule. <u>Id.</u> However, "if that party was not diligent, the inquiry

4  should end" and the motion to modify should not be granted. <u>Id.</u>; <u>see</u> <u>Millenkamp v. Davisco</u>

5  <u>Foods Intern., Inc.</u>, 448 Fed. Appx. 720, 721 (9th Cir. 2011); <u>Zivkovic v. Southern California</u>

6  <u>Edison Co.</u>, 302 F.3d 1080, 1087 (9th Cir. 2002). Local Civil Rule 16(b) further provides that

7  the dates in the scheduling order are binding and "[m]ere failure to complete discovery within

8  the time allowed does not constitute good cause for an extension or continuance." Rule 15(m)

9  states that "this rule will be strictly enforced" in order to "accomplish effective pretrial

10  procedures and avoid wasting the time of the parties, counsel, and the court." While prejudice to

11  the party opposing the modification may provide additional reasons for denying the motion, it is

12  not required to deny a motion to amend under Rule 16(b). <u>Coleman v. Quaker Oats Co.</u>, 232

13  F.3d 1271, 1295 (9th Cir. 2000).

**B. Third Motion to Amend**

15      Plaintiff asserts that the information giving rise to the additional claims and parties is

16  "based on the recent discovery of proposed defendants' previously concealed fraudulent

17  conduct" and therefore the complaint could not have been amended prior to the July 2013

18  deadline. Motion to Amend (Dkt. # 112) at 2. Plaintiff asserts that good cause exists because

19  plaintiff took reasonable steps to conduct discovery and filed these motions soon after the facts

20  supporting the amended complaint came to light in the discovery process. Reply to Motion to

21  Modify (Dkt. # 126) at 1-2. Plaintiff also seeks to justify these belated motions by pointing to

22  "logistical difficulties" in the discovery process, including translation of documents from

23  Japanese to English and the burdensome Letter Rogatory process. <u>Id.</u> at 3.

24      The Court is not convinced that plaintiff exercised diligence throughout the many months

25  in which plaintiff had the opportunity to pursue additional parties and claims. Plaintiff has

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
AND MOTION TO MODIFY SCHEDULING ORDER      -4-

1  known of the existence of the proposed additional parties and that they were parties to the

2  transaction. In fact, plaintiff acknowledges that the current named plaintiff MMMT and named

3  defendant NSGI "were created after the PIMIPA was negotiated to facilitate the structure of the

4  transaction called for in the PIMIPA." Motion to Amend (Dkt. # 112) at 10 (emphasis added).

5  Despite this knowledge, plaintiff failed to name the original parties who set up the transaction in

6  both its first and second amended complaints, and instead asks this Court to allow the addition of

7  four parties, all of whom were involved with the original transaction, nine months after the

8  deadline to amend pleadings had passed.

9       Many of plaintiff's new claims involve allegedly concealed dealings between the current

10  defendant's parent companies, Nisshin, and various firms under the umbrella "Ernst & Young"

11  (including Ernst & Young Transactional Advisory Services Co., Ltd. ("EYTAS") and Ernst &

12  Young LLP ("EYUS")), which advised Nisshin on the transaction. Ernst & Young was

13  ultimately appointed as the "Qualified Appraiser" for the transaction. Defendant provided

14  information to plaintiff early in discovery that signaled the relationship between Nisshin,

15  EYTAS, and E&Y in conducting the appraisal process. This information includes a written

16  agreement between Nisshin and EYTAS engaging E&Y to conduct the appraisal (shared with

17  plaintiffs in October 2012), the disclosure in November 2012 of two key witnesses and various

18  other representatives and employees from Nisshin and EYTAS, Ernst & Young's valuation

19  analysis disclosed in 2012, and more. Opposition to Motion to Modify (Dkt. # 122) at 6.

20  Plaintiffs requested information relating to Nisshin and EYTAS from NSGI, but did not seek

21  discovery directly from those parties or assert any claims against them before the deadline to join

22  additional parties on December 27, 2012. After defendant had produced written discovery

23  revealing communications between Nisshin and EYTAS, plaintiff indicated that some Nisshin

24  and EYTAS employees were individuals with "discoverable information relating to Plaintiff's

25  claims against Defendant," yet still failed to join these parties or assert additional claims before

26

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
AND MOTION TO MODIFY SCHEDULING ORDER        -5-

the July 10, 2013 deadline to amend pleadings. Opposition to Motion to Modify (Dkt. # 122) at 7.

Plaintiff's two main justifications for the delay in seeking to add claims and parties are unconvincing. First, plaintiff argues it could not have known that Nisshin had sought an earlier valuation and "struck a deal with that appraiser" because "NSGI intentionally concealed [those facts] from Plaintiff, saying it was 'none of their business.'" Reply to Motion to Modify (Dkt. # 126) at 2. The evidence on which plaintiff relies does not support an inference that defendant NSGI interfered with plaintiff's discovery of relevant information, or otherwise caused the delay in filing this motion to amend. The declarant acknowledges that Nisshin did not tell the sellers "prior to the time of the agreement that was signed in 2012" about the desktop appraisals E&Y performed before the agreement was signed. Decl. of William Z. Pentelovitch (Dkt. # 113-21) Ex. U at 3. Although this statement suggests that Nisshin failed to disclose certain facts leading up to the transaction, it does not raise an inference that NSGI (an entity that did not even exist at that point) purposefully concealed information from plaintiff during this lawsuit or somehow interfered with plaintiff's ability to seek this information throughout the discovery process. Plaintiff's argument that it could not have known of these facts any earlier in the discovery process due to defendant's intentional concealment is unsupported.

Second, plaintiff claims that an extension is justified based on the burdensome discovery process, including extensive document production and depositions, translation of documents between Japanese and English, and the time-consuming Letter Rogatory process. However, Local Rule 16(b)(4) makes clear that "[m]ere failure to complete discovery within the time allowed does not constitute good cause for an extension or continuance." Here, the parties have already agreed to a nine month extension of discovery. In negotiating this extension, the parties took into account the need to translate a significant number of documents and the need to conduct depositions overseas. See Joint Status Report (Dkt. # 87) at 1-2. Plaintiff has not

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
AND MOTION TO MODIFY SCHEDULING ORDER       -6-

1   demonstrated good cause for failing to complete discovery, especially when the burdens of

2   which it now complains were largely anticipated in advance.

3          In addition to plaintiff's lack of diligence, the prejudice that plaintiff's amended

4   complaint would cause defendant supports the denial of plaintiff's motions. Plaintiff claims that

5   prejudice to defendant is minimal because "the proposed amended claims arise from discovery

6   that has already taken place and the proposed new defendants are parent companies of NSGI and

7   have been closely involved in the issues in the current litigation." Motion to Amend (Dkt. # 112)

8   at 8. However, plaintiff's new allegations change the scope of the litigation, which would likely

9   require defendants to conduct additional discovery from parties and witnesses whom the parties

10  have already almost completed examining. See Opposition to Motion to Modify (Dkt. # 122) at

11  11-12. At this point, discovery would have to be reopened. Dkt. # 90. These additional burdens

12  constitute additional time, expenses, and resources at a late stage in the proceedings which

13  would prejudice defendant. See Lockheed Martin Corp. v. Network Solutions, Inc., 194 F.3d

14  980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings

15  supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

16  Although prejudice is not required under a Rule 16(b) inquiry, a finding of prejudice "supplies

17  an additional reason to deny the motion." Coleman, 232 F.3d at 1295.

18         For the foregoing reasons, plaintiff has failed to demonstrate good cause under Rule

19  16(b). Because plaintiff cannot satisfy Rule 16(b), it is not necessary to evaluate plaintiff's

20  Motion to Amend under Rule 15. See Johnson, 975 F.2d at 609 ("If [the party seeking to amend]

21  was not diligent, the inquiry should end."). Therefore, plaintiff's Motion to File Third Amended

22  Complaint (Dkt. # 112) is DENIED.

23

24

25

26

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
AND MOTION TO MODIFY SCHEDULING ORDER        -7-

1  **C. Motion to Modify the Scheduling Order**

2      A party seeking modification of a pretrial scheduling order must show "good cause"

3  under Rule 16(b)(4). As discussed in the denial of plaintiff's Motion to Amend, plaintiff has

4  failed to exercise diligence and demonstrate good cause under Rule 16(b). Therefore, plaintiff's

5  Motion to Modify Scheduling Order (Dkt. # 116) is DENIED.

6                                    **CONCLUSION**

7      For all of the foregoing reasons, plaintiff's Motion to File Third Amended Complaint

8  (Dkt. # 112) and Motion to Modify Scheduling Order (Dkt. # 116) are DENIED.

9

10

11      Dated this 9th day of June, 2014.

12                                    *MN S Lasnik*
                                       _____
13                                    Robert S. Lasnik
                                       United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER DENYING PLAINTIFF'S MOTION TO AMEND
AND MOTION TO MODIFY SCHEDULING ORDER      -8-